MARINO HERNANDEZ ANTONIO,  # F79366
Name and Prisoner Booking Number

CSATF/STATE PRISON AT CORCORAN
Place of Confinement

P.O.BOX # 5244
Mailing Address

CORCORAN, CALIFORNIA   93212
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARINO HERNANDEZ ANTONIO )
(Full Name of Plaintiff) Plaintiff, )
)
v. )
) CASE NO. 1:19-cv-01219-JLT(PC)
(1) MARCELO, JAMES Physician & Surgeon, ) (To be supplied by the Clerk)
(Full Name of Defendant) )
(2) CRYER, CLARENCE (Chief Executive Officer), )
)
(3) AKABIKE, NKIRUKA Physician & Surgeon ) **CIVIL RIGHTS COMPLAINT**
) **BY A PRISONER**
(4) MBADUGHA, CHIKA Physician Assistant )
Defendant(s). ) ☒ Original Complaint
X (Check if there are additional Defendants and attach page 1-A listing them.) ) ☐ First Amended Complaint
) ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

☐ Other: _____

2.   Institution city where violation occurred: CSATF/STATE PRISON AT CORCORAN

Revised 3/15/2016

(5)  OBERST, DAVID Physician Assistant     )
                                           )
                Defendant(s)               )
                                           )
     On His/Her                            )
     Official & Individual capacities      )

## B. DEFENDANTS

1. Name of first Defendant: __MARCELO, JAMES_____. The first Defendant is employed as:
_____Physician and Surgeon(MEDICAL DOCTOR)__ at _CSATF/State Prison at Corcoran_
(Position and Title)                              (Institution)

2. Name of second Defendant: __CRYER, CLARENCE_____. The second Defendant is employed as:
__Chief Executive Officer(CEO) of HCG Appeals_at _CSATF/State Prison at Corcoran_
(Position and Title)                              (Institution)

3. Name of third Defendant: __AKABIKE, NKIRUKA_____. The third Defendant is employed as:
__PRIMARY CARE PROVIDER(MEDICAL DOCTOR)_____ at _CSATF/State Prison at Corcoran_
(Position and Title)                              (Institution)

4. Name of fourth Defendant: __MBADUGHA, CHIKA_____. The fourth Defendant is employed as:
_____Physician Assistant_____at _CSATF/State Prison at Corcoran_
(Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☒ Yes        ☐ No

2. If yes, how many lawsuits have you filed? __One__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Marino Hernandez Antonio_____ v. _Winfred M. Koker & C. Stronach_____
      2. Court and case number: _1:16-cv-00716-DAD-JLT_____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_It is in the Court_
      __of Appeals, 9th Cir. Case No. 18-17064_____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## B. DEFENDANTS

5.   Name of fifth Defendant    OBERST, DAVID    The fifth Defendant is employed as:
        Physician Assistant          at    CSATF/State Prison at Corcoran

### D.  CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: **The Cruel and Unusual Punishment Clause of the Eighth Amendment.**

2. **Claim I.** Identify the issue involved.  Check only one.  State additional issues in separate claims.

   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☒ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim I.  Describe exactly what each Defendant did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff have permanent disability due to severe ankle joint arthritis, degenerative hips condition and osteoarthritis in his lumbar spine. He is attaching evidence of his confirmed disability(see exibits A-1 through A-9). Defendant Marcelo, James P&S, as a medical doctor, deprived to the Plaintiff of his Wheelchair, Back brace, and his Mobility Impaired vest with the excuse of that the Plaintiff had no evidence of mobility impairment. Plaintiff told to the doctor that he was no able to walk due to his left ankle and the severe pain on his back and hips condition. Doctor Marcelo ignored Plaintiff's words telling him that he reviewed his medical files and the Plaintiff had not disability. "ALLEGATION: Defendant Marcelo, violated the Constitution, sadistic and maliciously, harming to the Plaintiff in the form of substantial pain, causing him the unnecessary and wanton infliction of pain. Defendant Marcelo, wrote on 7/16/2018, a CDC 1845/7410 Medical Chrono, affirming that the Plaintiff "had not disability," "no evidence of mobility impairment" and "no justification for bottom bunk/bottom chrono." Also, changing his Permanent cane status, to "Temporary cane status."(see exibit C-1 as evidence). Defendant Marcelo ignored with clear indifference Plaintiff's prior CDC 1845 Medical Chrono, dated on 7/20/2017, which state: SEVERE ORTHOPEADIC CONDITION OF HIPS, KNEES, ANKLES, AND FEET." and "CONFIRMED DISABILITY."(see exibit A-9). Defendant Cryer, as Chief Executive Officer in charge of reviewing ....see page 3-a

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

   Defendants' actions have been causing to the Plaintiff pain and suffering with deterioration on his hips and Lumbar spine caused by his antalgic gait.

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No

   b. Did you submit a request for administrative relief on Claim I?     ☐ Yes    ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?     ☐ Yes    ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

## D. CAUSE OF ACTION
### CLAIM 1

INMATE APPEALS GRIEVANCES, DELIBERATELY APPROVED DEFENDANT MARCELO'S ACTION WITH HIS/HER KNOWLEDGE THAT DR. MARCELO WAS DEPRIVING ANOTHER DISABLES INMATES OF THEIR WHEELCHAIR, CANE S, WALKERS, etc., etc., IN THE SAME "G" YARD. DEFENDANT CRYER, KNOWS OR SHOULD HAVE KNOWN THAT THE PLAINTIFF HAVE A PERMANENT DISABILITY BECAUSE PLAINTIFF SUBMITTED AN ADMINISTRATIVE APPEAL GRIEVANCE # SATF HC 18001589, DATED ON 7/24/2018, WITH SUPPORTIVE DOCUMENTS AS PROOF OF PLAINTIFF'S CONFIRMED DISABILITY, AND CRYER HAD THE DUTY TO REVIEW PLAINTIFF'S MEDICAL RE-CORDS, AND ALSO BEING IMPARTIAL ON HIS/HER APPEAL RESPONSE. CRYER, KNOWS OR SHOULD HAVE KNOWN THAT DOCTOR MARCELO WAS DEPRIVING TO DISABILITED INMATES OF THEIR MEDICAL EQUIPMENT WITHOUT JUST CAUSE OR REASON, IN THE SAME "G" YARD ASSIGNED TO THIS MEDICAL DOCTOR, BUT EVEN WHEN CRYER KNEW ABOUT DOCTOR MARCELO'S ACTIONS AND THE DAILY SUFFERING OF THE PLAINTIFF, THIS DEFENDANT CRYER SUPPORTED DEFENDANT MARCELO'S MISCONDUCT, DENYING TO PROVIDE TO THE PLAINTIFF WITH A WHEELCHAIR, AND THE REFERRAL TO AN ORTHOPEADIC DOCTOR TO THE PLAINTIFF TO BE EVALUATED.

BOTH DEFENDANTS CAUSED TO THE PLAINTIFF A "CRUEL LIVING CONDITION OF CONFINEMENT" FORCING HIM TO WALK IN CONTINUOS SUFFERING OF PAIN, LIMPINGLY, AND SOMETIMES JUMPING ON ONE LEG, BECAUSE PLAINTIFF'S LEFT ANKLE CAN NOT SUPPORT HIS OWN BODY'S WEIGHT WITHOUT FEELING SEVERE PAIN BY THE BROKEN HARDWARD IN PLAINTIFF'S LEFT ANKLE. PLAINTIFF WAS ASSIGNED TO WORK ON 7/31/2018, FIVE DAYS A WEEK, CLEANING THE ENTIRE "G" YARD, PICKING UP THE TRASH, SUFFERING SEVERE PAIN EVERY DAY, BEING FUNNY TO ANOTHER INMATES AND CUSTODY OFFICERS BY PLAINTIFF'S PITIFUL MANNER OF WALK CAUSING TO THE PLAINTIFF AN EMOTIONAL DISTRESS" WHEN PEOPLE CALLED HIM "FLAMINGO."

DEFENDANTS MARCELO AND CRYER VIOLATED THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT, FORBIDED BY THE CONSTITUTION, ACTING WITH DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S PAIN, AND WITH THE CLEAR INTENTION TO HARM TO THE PLAINTIFF. PLAINTIFF HAVE A CONSTITUTIONAL RIGHT TO HUMANE CONDITIONS OF CONFINEMENT, AND THE "CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT IMPOSES A DUTY TO PRISON OFFICIALS TO PROVIDE "HUMANE CONDITIONS OF CONFINEMENT," AND THE DAILY INFLICTION OF PAIN TO THE PLAINTIFF WITH THE DENIAL TO PROVIDE HIM WITH A WHEELCHAIR, LOSTING SOMETIMES HIS MEALS BECAUSE HE WAS NOT ABLE TO WALK, LOSTING HIS DAILY ACTIVITIES BECAUSE HE IS BEDRIDDEN, THAT IS NOT A HUMAN LIVING CONDITIONS, THAT IS AN "INHUMAN LIVING CONDITION OF CONFINEMENT."

IN CONCLUSION, DEFENDANT MARCELO DEPRIVED TO THE PLAINTIFF OF HIS WHEELCHAIR, ASSERTING THAT PLAINTIFF HAD NO DISABILITY AND NO EVIDENCE OF MOBILITY IMPAIRMENT(see Exibit C-1), AND DE-FENDANT CRYER APPROVED MARCELO'S ASSERTION. BOTH DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE BECAUSE THEY KNOWN OR SHOULD HAVE KNOWN THAT THERE IS A LOT EVIDENCE IN THE PLAINTIFF'S FILES CONFIRMING THAT PLAINTIFF IS A PERMANENT IMPAIRED AND DISABLED INMATE AND THAT HE SUFFER OF DEGENERATIVE HIPS CONDITION, WHICH CAUSE GREAT PAIN AND DIFFICULTY WALKING. ALSO, HE SUFFER OF LOWER BACK CHRONIC PAIN CAUSED BY OSTEOARTHRITIS LIMITING EVEN MORE HIS MOVEMENTS AND THAT PLAINTIFF WILL BE ABLE TO SHOW THAT EVIDENCE TO THIS HONORABLE COURT AND TO THE JURY TRIAL.

PLAINTIFF AFFIRM THAT THE ABOVE DECLARED, UNDER PENALTY OF PERJURY, IS TRUE AND CORRECT.

DEFENDANT AKABIKE, NKIRUKA P&S, IS THE PLAINTIFF'S CURRENT PRIMARY CARE PROVIDER("PCP"). ON 4/18/2018, PLAINTIFF WAS CALLED TO THE "PCP" CLINIC ROOM, BECAUSE THE PLAINTIFF'S TEACHER Mrs. C. FLORES, SPOKE WITH A MEDICAL STAFF ABOUT THER CONCERNS OF THAT THE PLAINTIFF COULD CAUSE AN ACCIDENT IN THE CLASSROOM BY HIS PAINFUL MANNER OF WALK. DURING THE MEDICAL ENCOUNTER PLAINTIFF REQUESTED TO BE PROVIDED WITH A WHEELCHAIR BECAUSE HE WAS SUFFERING SEVERE PAIN EVERY TIME HE WANT TO WALK. DEFENDANT AKABIKE SAID, "IF I GIVE YOU THE WHEELCHAIR, I WILL...

see page 3-b

CLAIM I

LOSE MY LICENSE." THEN, PLAINTIFF TOLD TO THE DOCTOR, "MY ANNUAL COMMITTING IS CLOSE, I WILL ASK MY TRANSFER TO SOLEDAD, MAYBE OVERTHERE THE DOCTORS WANT TO HELP ME BECAUSE IN HERE YOU DON'T."

DEFENDANT AKABIKE WROTE IN HER PROGRESS NOTE AN UNTRUE STATEMENT WHICH STATES: "A CUSTODIAN STAFF ASKED HIM(Plaintiff) TO REQUEST A WHEELCHAIR BECAUSE IT FACILITATE HIS TRANSFER TO SOLEDAD," BUT "HE SAID THAT HE DO NOT NEED THE WHEELCHAIR BECAUSE HE CAN WALK," "HE SAID THAT HE WALKS SEVERAL LAPS AT A TIME."

PLAINTIFF AFFIRM, UNDER PENALTY OF PERJURY, THAT HE NEVER SAID THESE WORDS TO DEFENDANT AKABIKE. PLAINTIFF WAS NEVER AWARE OF THIS INTENTIONAL HARM CAUSED BY DEFENDANT AKABIKE. PLAINTIFF DO NOT UNDERSTAND WHY THIS DEFENDANT COMMITTED SUCH ACTION, WHEN PLAINTIFF SPOKE TO THIS DOCTOR WITH A CLEAR ENGLISH. PLAINTIFF HAS TABE SCORE 8.3. PLAINTIFF'S WORDS WRITTEN HEREIN ARE PROVE THAT PLAINTIFF CAN COMMUNICATE PROPER AND CLEARLY TO ANOTHER. DEFENDANT AKABIKE'S ACTION WAS MADE WITH A CLEAR MALICE, BECAUSE PLAINTIFF HAS BEEN REQUESTING TO BE PROVIDED WITH A WHEELCHAIR, AND THIS HAS BEEN DENIED, EVEN WHEN THEY KNOW THE INTENSE PAIN THE PLAINTIFF HAS BEEN SUFFERING.

PLAINTIFF HAD AN ENCOUNTER WITH DOCTOR OBERST, DAVID PA, ON 6/12/2019, WHERE PLAINTIFF RE-QUESTED A WHEELCHAIR, BUT DOCTOR OBERST SAID TO THE PLAINTIFF THAT HE WAS ABLE TO WALK, AND IF HE IS LIMPING, THAT IS OK WITH HIM, DENYING THE WHEELCHAIR.

PLAINTIFF REQUESTED AGAIN A WHEELCHAIR AND HE WAS CALLED ON 7/24/2019, PLAINTIFF HAD AN EN-COUNTER WITH DOCTOR MBADUGHA, CHIKA PA, WHOM SAID TO THE PLAINTIFF THAT HE CAN NOT GIVE THE WHEELCHAIR TO THE PLAINTIFF BECAUSE PLAINTIFF SAID TO HIS "PCP" THAT HE WALKS SEVERAL LAPS AROUND THE YARD. PLAINTIFF TRY TO EXPLAIN TO DOCTOR MBADUGHA THAT THERE WAS A MISTAKE, BE-CAUSE THE PLAINTIFF NEVER SAID THAT, BUT DOCTOR MBADUGHA ORDER TO THE PLAINTIFF TO BE QUIET. PLAINTIFF TOLD TO DOCTOR MBADUGHA THAT THEY KNOWN THAT PLAINTIFF IS NOT ABLE TO WALK VERY WELL AND THEY KNOWN THAT PLAINTIFF IS SUFFERING EXTREME PAIN AND THEY IS DENYING THE MEDICAL CARE TO THE PLAINTIFF. THIS DOCTORS REFUSED TO REVIEW PLAINTIFF'S MEDICAL RECORDS.

ON 8/27/2019, PLAINTIFF WAS INTERVIEWED AGAIN BY DOCTOR AKABIKE. PLAINTIFF SPOKE TO THE DOCTOR ABOUT HIS PAIN ON HIS HIPS, BACK, AND ANKLE, BUT DOCTOR AKABIKE TOLD HIM, "SHUT-UP, YOU DON'T CAME HERE BY YOUR PAIN, YOU ARE HERE BY UP-DATE YOU CHRONO." PLAINTIFF REQUESTED AGAIN TO BE PROVIDED WITH A WHEELCHAIR BECAUSE HE HAVE DIFFICU;TY WALKING BY THE PAIN ON HIS BACK. DOCTOR AKABIKE SAID TO THE PLAINTIFF THAT HIS PAIN IS NO MEDICAL INDICATION FOR A WHEELCHAIR. PLAINTIFF TOLD TO THE DOCTOR THAT HE IS NOT MORE ABLE TO WALK, THEN THE DOCTOR SAID, " I'M DONE." PLAINTIFF TRIED TO SAID SOMETHING AND THE DOCTOR SAID, " I'M DONE."

PLAINTIFF IS BEING WITH A DENIAL OF MEDICAL CARE, WITH A CLEAR DELIBERATE INDIFFERENCE, AND HE IS SUFFERING WITH THE CONDUCT OF THIS PRISON MEDICAL OFFICERS. PLAINTIFF IS ONLY ACCUSING TO DOCTOR AKABIKE BECAUSE THIS DOCTOR WROTE SUCH STATEMENT WITH HIS TOTAL KNOW-LEDGE THAT PLAINTIFF NEVER SAID THAT WORDS TO HER.

CONCLUSION

PLAINTIFF DECLARATION IS UNDER PENALTY OF PERJURY THAT EVERYTHING HEREIN IS TRUE AND CORRECT.

## CLAIM II

1.  State the constitutional or other federal civil right that was violated: <u>VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS.</u>

2.  Claim II. Identify the issue involved. Check **only one**. State additional issues in separate claims.

    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☒ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    <u>DEFENDANTS MARCELO, AND CRYER, VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHTS IN THE FORM OF RETA-LIATION. PLAINTIFF HAS BEEN REHOUSED MANY TIMES , TRANSFERRED FROM ONE YARD TO ANOTHER WITHOUT JUST CAUSE OR REASON FROM THE COURSE OF HIS PRIOR LAWSUIT AGAINST C.CRYER, DR. KOKOR, AND NURSE C. STRONACH, Case No. 1:16-cv-00716-DAD-JLT. PLAINTIFF SUBMITTED ONE APPEAL GRIEVANCE FOR AN UNJUSTIFIED TRANSFER AND THE LOST OF SOME OF HIS PROPERTY DISPOSED AS TRASH. HIS APPEAL WAS DIS-MISSED. DEFENDANT MARCELO'S "ADVERSE ACTION" AGAINST PLAINTIFF ON 7/16/2018, AND SUPPORTED BY DEFENDANT CRYER, IS A CLEAR RETALIATION AGAINST THE PLAINTIFF BECAUSE: a) DR. KOKOR, SUED BY THE PLAINTIFF IN HIS PRIOR LAWSUIT IS A CO-WORKER WITH DEFENDANT MARCELO AND THERE IS A CONNECTION BETWEEN THEM; b) NURSE STRONACH, SUED BY THE PLAINTIFF IN HIS PRIOR LAWSUIT, WAS ASSIGNED IN THE SAME "G" YARD, UNDER DEFENDANT MARCELO'S ORDERS IN THE TIME OF THIS EVENTS OCCURRED; c) DEFENDANT CRYER, SUED BY THE PLAINTIFF IN HIS PRIOR LAWSUIT, HAD TOTAL KNOWLEDGE ABOUT THE CONFIRMED DISABI-LITY OF THE PLAINTIFF, AND HE/HER SUPPORTED DEFENDANT MARCELO'S STATEMENT IN HIS  MEDICAL CHRONO DATED ON 7/16/18; c) DEFENDANTS IN PLAINTIFF'S PRIOR LAWSUIT,(KOKOR & STRONACH) WERE GRANTED DE-FENDANTS' SUMMARY JUDGMENT ON 7/12/2018,(see Doc. 56, Case No. 1:16-cv-00716-DAD-JLT), AND THE DEFENDANT MARCELO'S "ADVERSE ACTION AGAINST PLAINTIFF WAS ON 7/16/2018. Plaintiff is attaching his Appeal grievance, dated on  7/24/18, and Defendant Cryer's Institutional Level Response as Exibits B-1, through B-5) Plaintiff's Appeal grievance about the injustified transfer is missed but UNDER PENALTY OF PERJURY, PLAINTIFF AFFIRMS THAT THE ABOVE DECLARED IS TRUE & CORRECT.</u>

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    <u>PLAINTIFF SUFFERED AND IS SUFFERING AND WILL CONTINUE SUFFERING UNWANTON INFLICTION OF PAIN, AND GREAT EMOTIONAL DISTRESS BY THE PEOPLE CALLING HIM "FLAMINGO" AND LAUGHING ABOUT PLAINTIFF'S PAINFUL MANNER OF WALK, UNTIL THE COURT GRANT AN INJUNCTION TO THE PLAINTIFF.</u>

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes   ☐ No

    b.  Did you submit a request for administrative relief on Claim II?    ☒ Yes   ☐ No

    c.  Did you appeal your request for relief on Claim II to the highest level?    ☒ Yes   ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

-4-

## CLAIM III

1. State the constitutional or other federal civil right that was violated: VIOLATION OF THE AMERICAN WITH DISABILITIES ACT("ADA"), AND THE REHABILITATION ACT.

2. **Claim III.** Identify the issue involved. Check only one. State additional issues in separate claims.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care

☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation

☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: ADA ACCOMODATIONS.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

DEFENDANT MARCELO DEPRIVED TO THE PLAINTIFF OF HIS ADA ACCOMODATIONS, e.g., SAFER TRANSPORTATION, BOTTOM BUNK/BOTTOM TIER ACCOMODATIONS, EXCLUDING HIM FROM HIS DAILY ACTIVITIES, SERVICES AND PROGRAMS. DEFENDANT CRYER SUPPORTED DEFENDANT MARCELO'S ACTION HAVING TOTAL KNOWLEDGE THAT DEFENDANT MARCELO WAS DISCRIMINATING ONLY DISABLES INMATES IN THE "G" YARD, DEPRIVING DISABLES INMATES OF WHEELCHAIR, CANES, WALKERS, BOTTOM BUNK/BOTTOM TIER ACCOMODATIONS. DEFENDANT MARCELO USED "DISPARATE TREATMENT" AGAINST THE PLAINTIFF BECAUSE HE INTENTIONALLY WAS ACTING WITH HOSTILITY AND DISCRIMINATION TO DISABLES INMATES AND BY INFORMATION AND BELIEF, THIS DEFENDANT MARCELO WAS REMOVED FROM "G" YARD DUE TO MANY INMATES' GRIEVANCES AGAINST HIM BY THE DEPRIVATION OF THE INMATES' ADA ACCOMODATIONS. BOTH DEFENDANTS, MARCELO AND CRYER, DEPRIVED AND FAILED TO MAKE REASONABLE ACCOMODATION FOR THE PLAINTIFF'S DISABILITY. BOTH DEFENDANTS, HAD TOTAL KNOWLEDGE ABOUT PLAINTIFF'S PERMANENT AND CONFIRMED DISABILITY, VERIFIED BY SEVERAL ORTHOPEADIC AND PHYSICIANS DOCTORS AND THEY CAN'T DENY THEIR DELIBERATE INDIFFERENCE TO THE PLAINTIFF SERIOUS MEDICAL NEEDS, BECAUSE THEY KNOWS OR SHOULD HAVE KNOWN THAT PLAINTIFF'S MEDICAL FILES HAVE MANY EVIDENCE TO PROVE HISDISABILITY AND HIS MOBILITY IMPAIRMENT, AND THE DEPRIVATION OF HIS ADA ACCOMODATIOS WAS MADE WITH A CLEAR DISCRIMINATION TOWARDS THE INMATE WITH THE INTENTION TO HARM HIM.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

DEFENDANTS CAUSED EXTRA SEVERE AND CONTINUOS PAIN ON HIS DAILY WAY TO THE CHOW HALL FOR BREAKFAST AND DINNER UNTIL THIS CURRENT DATE, WORSING HIS HEALTH EVERY DAY BECAUSE HIS PAINFUL ANTALGIC GAIT IS DETERIOTATING EVERY DAY MORE PLAINTIFF'S HEALTH.

5. **Administrative Remedies.**

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No

    b. Did you submit a request for administrative relief on Claim III?     ☒ Yes    ☐ No

    c. Did you appeal your request for relief on Claim III to the highest level?     ☒ Yes    ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

1) A PRELIMINARY/PERMANENT INJUCTION, DIRECTING TO THE PRISON DOCTORS, CHIEF MEDICAL OFFICER OR SUCCESSORS, RETURNING BACK THE WHEELCHAIR, AND TO PROVIDE TO THE PLAINTIFF WITH A PROPER PHYSICAL PAIN MEDICATION AND BE REFERRED TO AN ORTHOPEADIC DOCTOR FOR EVALUATION.

2) COMPENSATORY DAMAGES IN THE AMOUNT OF $ 50,000.00, AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

3) PUNITIVE DAMAGES IN THE AMOUNT OF $ 10,000.00 AGAINST EACH DEFENDANT.

4) PLAINTIFF'S COSTS IN THIS SUIT.

5) A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

6) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN, VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  SEPTEMBER 5, 2019
                    DATE

SIGNATURE OF PLAINTIFF

 PLAINTIFF HAVE NOT LEGAL HELP/HIMSELF.
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____N/A_____
(Signature of attorney, if any)
_____N/A_____
_____N/A_____
_____N/A_____
_____N/A_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.
PLAINTIFF IS EXCLUDING THE EXHIBITS, ACCORDING THE RECCOMENDATION STATED ABOVE.

Marino Hernandez Antonio
CDC # F79366
P.O.Box # 5244
Corcoran, CA 93212
In Propia Persona


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO HERNANDEZ ANTONIO | Case No. |
| Plaintiff, | POINTS OF AUTHORITY AND MEMORANDUM OF LAW, AND PLAINTIFF'S |
| - V - | DECLARATION IN SUPPORT OF THE |
| MARCELO, JAMES P&S, MD, et al, | MOTION FOR A PRELIMINARY INJUCTION. |
| Defendants, | |

Marino Hernandez states:

1) I am the Plaintiff in this case. I make this declaration in support of my motion

for a Preliminary Injuction to ensure that I receive a proper ADA Accomodation

and a proper medical care.


2) As set forth in the complaint in this case, I was deprived of my wheelchair,

causing me to suffer daily extreme pain and to live an inhumane condition of con-

finement, walking limpingly and jumping on one leg.


3) I have been requesting to be provided with a wheelchair from one year ago, and

a proper pain medication because the Acetominophen 325 mg., do not take away my

severe pain and from five months ago I am not receiving any kind of pain medication.

1

4) I have been interviewed by three different medical doctors. One refused to provide me the wheelchair because according to him if I walk limpingly that's is okey for him.

5) Another female doctor told me that if she give me the wheelchair she will lose her license. Also, she wrote on her Progress Notes that I said to her that I do not need the wheelchair because I walk daily several laps at a time. I never said that to her.

6) Another doctor told me that he can not provide me with a wheelchair because I was a DNM medical status. This doctor knows very well that even if I were a DNM status I will be provided with a wheelchair the doctor need to change my medical status to DPO or DPW.status.

7) I have broken wire & screws(see exibits ¶¶ A-9, A-10), in my left ankle which make me to feel severe pain when I try to walk and the pain causes to me to walk with an antalgic gait.

8) I am suffering irreparable harm in the form of continued physical pain and with an emotional distress because Lieutenants, Sargeants, Correctional officers, and hundred of inmates see me daily, limpingly, jumping on one leg, sometimes with tears on my eyes by the pain and to some inmates and officers shows derision by my antalgic gait.

9) Defendant Marcelo is the medical doctor responsible for depriving me of the wheelchair, and affirming on his medical 1845 chrono that I had not disability and not evidence of mobility impairment.

///

2

10) Defendant Cryer is in charge to impartialy investigate the facts, and him/her choose to support the untrue statement of Doctor Marcelo, disregarding several diagnosis of different physicians confirming my permanent disability.

11) For the reasons set forth in the Memorandum of Law, filed with this motion, the Plaintiff is entitled to a Preliminary Injuction requaring the defendants to provide me with a wheelchair to move around, and a proper pain medication to alleviate my severe arthritis and degenerative hips condition which cause great pain and difficulty walking.

12) For the foregoing reasons, the court should grant the Plaintiff's motion in all respects.

Pursuant to 28 u.s.c. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED ON SEPTEMBER 5, 2019

Plaintiff: MARINO HERNANDEZ ANTONIO
CDC F79366
P.O.BOX 5244
CORCORAN, CA 93212

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUCTION

### Statement of the case:

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner who suffer from an old fracture on his left ankle which was re-injured at the time of his detention in the San Mateo County Jail. He suffer of severe ankle joint arthritis, degenerative hips condition, severe osteoarthritis in his lower back spine. All this serious medical needs, besides to cause extreme pain to the

3

Plaintiff, limit even more his walking and his daily activities. He is presently being denied proper medical care as providing him with an ADA accomodation of the use of a Wheelchair. The Plaintiff seeks a Preliminary Injuction in the form of to be provided with a Wheelchair and a proper pain medication to ensure that he receive the proper medical care to his serious medical needs.

### Statement of the Facts:

As stated in the declaration submitted with this motion, the Plaintiff was deprived of his Wheelchair on 7/16/2018, by a medical doctor who with intent to commit an unlawful act or injure another without just cause or reason, he wrote a medical 1845 chrono affirming an untrue statement with the purpose of harming to the Plaintiff.(Dec. ¶¶ 10-11). The Plaintiff has been experiencing continued pain and receiving none pain medication at all.(Dec. ¶¶ 3-4).

### ARGUMENT POINT 1:

The Plaintiff is Entitled to a Preliminary Injuction. In determinating if a party is entitled to a preliminary injuction, courts, generally consider several factors whether the party will suffer irreparable injury, the "balance of hardship" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the GRANT of this motion.

### A. THE PLAINTIFF IS THREATENED WITH IRREPARABLE HARM

The Plaintiff alleges that he has been denied medical care for a serious need, deprived of his medical equiptment that allowed him to displace for breakfast, dinner and medical appointments, and attesting that Plaintiff had not disability, no evidence of mobility impairment when Plaintiff's medical file proves the contrary. Such conduct by prison medical officials is a clear violation of the Eighth Amendment. <u>Estelle v Gamble</u>, 429 U.S. 97, 105, 97 S.Ct. 285(1976)(noting that

"intentionally interfering with treatment once prescribed" is a form of unlawful deliberate indifference." Plaintiff, in this case, was prescribed on 9/21/2015, a wheelchair because he had difficulty walking with a cane.); see also cases cited in § C of this point.

As a matter of law, the continuing deprivation of constitutional rights, constitutes irreparable harm. Elrod v Burns, 427 U.S. 347, 373, 96 S. Ct. 2673(1976); American Tracking Associations, Inc., v City of los Angeles, 559 F. 3d 1046, 1058 -59(9th Cir. 2009). This principle has been applied in prison litigation generally see Jolly v Coughlin, 76 F. 3d 468, 482(2d Cir. 1996); Newson v Norris, 888 F. 2d 371, 378(6th Cir. 1989); Mitchell v Cuomo, 748 F. 2d 804, 806(2d Cir. 1984); McClendon v City of Alburquerque, 272 F. Supp. 2d 1250, 1259(D.N.M. 2003), and specifically in prison medical care cases. Phillips v Michigan Dep't. of Corrections, 731 F. Supp. 792, 801(W.D. Mich. 1990), aff'd 932 F. 3d 969(6th Cir. 1991). In addition, the Plaintiff is threatened with irreparable harm because of the nature of his injury, a broken ankle with loss of movement and function. If he does not is provided with a wheelchair at the proper time, he may develop deterotation on his hips and the lumbar spine by forcing his right leg to support his body's weight.

## B. THE BALANCE OF HARDSHIPS FAVORS THE PLAINTIFF

In deciding whether to grant the preliminary injuction, court ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted, see e.g., Mitchel v Cuomo, 748 F. 2d 804, 808(2d Cir. 1984)(holding that dangers posed by prison crowding outweighed state's financial and administrative concerns.); Duran v Anaya, 642 F. Supp. 510, 527(D.N.M. 1986)(holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff.)

In this case, the present suffering of the Plaintiff and his potential suffering if he permanently loses the normal use of his hips, spine, and left ankle, are

5

enormous. The "sufferings" the defendants will experience if the court grants the order will consist of taking the Plaintiff to a suitable doctor and then carrying out the doctor's orders, or providing the wheelchair to the Plaintiff, something that the Defendants do, and are obligated to do, for members of the prison population on a daily basis. The Defendants' hardship amounts to no more than business as usual.

## C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

The Plaintiff has a great likelihood of success on the merits. What Defendants have done-"intentionally interferring with [medical] treatment once prescribed"-was specifically singled out by the Supreme Court as an example of constitutional "deliberate indifference" to prisoners' medical needs. Estelle v Gamble, 429 U.S. 97, 105, 97 S. Ct. 285(1976). Many other courts have held that the failure to carry out physicians' orders is unconstitutional. see e.g., Johnson v Wright, 412 F.3d 398, 406(2d Cir. 2005)(denial of Rebetron therapy for hepatitis C, contrary to the recommendations of all the Plaintiff's treating physicians); Lawson v Dallas County, 286 F. 3d 257, 263(5th Cir. 2002)(disregard for follow-up care instructions for paraplegic); Lopez v Smith, 203 F. 3d 1122, 1132(9th Cir. 2000)(en banc)(failure to provide prescribed liquid diet that could not be drunk through a straw, stated a claim of interference with prescribed treatment); Koehl v Dalsheim, 85 F. 3d 86, 88(2d Cir. 1996)(denial of prescription eyeglasses sufficiently alleged deliberate indifference.) Erickson v Holloway, 77 F.3d 1078,1080-81(8th Cir. 1996)(officer's refusal of emergency room doctor's request to admit the prisoner and take x-rays); Aswegan v Bruhl, 965 F2d 676, 677-78(8th Cir. 1992)(failure to honor doctor's orders and refrain from cuffing the Plaintiff's hands behind his back)

## D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST.

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. Phelps-Roper v Nixon, 545 F.3d 685, 690(8th Cir. 2008); Duran v Anaya

642 F. Supp. 510, 527(D.N.M. 1986)("Respect for law, particularly by officials responsible for the administration of the state,s correctional system,is in itself a matter of the highest public interest."); Llewelyn v Oakland County Prosecutor's Office, 402 F. Supp. 1379, 2393,(E.D. Mich. 1975)(stating "the Constitution is the ultimate expression of the public interest.")

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY.

Usually a litigant who obtains interim injuctive relief is asked to post security, Rule 65(c), Fed. R. Civ. P. However, the Plaintiff is an indigentprisoner and is unable to post security. The Court has discretion to excuse an impoverished litigant from posting security. Elliot v. Kiesewetter, 98 F.3d 47, 60(3d Cir. 1996) (stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the [] equities weighs overwhelmingly in favor of the party seeking the injuction."); Moltan Co. v Eagle-Pitcher Industries Inc, 55 F.3d 1171, 1176(6th Cir. 1995). In view of the serious medical danger confronting the Plaintiff, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court should GRANT the motion entirety.

DATED ON SEPTEMBER 5, 2019.

Plaintiff: MARINO HERNANDEZ ANTONIO
CDC # F79366
P.O.BOX # 5244
CORCORAN, CA 93212
In Propia Persona

7

Marino Hernandez Antonio
CDC # F79366
P.O.Box # 5244
Corcoran, CA 93212
In Propia Persona

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARINO HERNANDEZ ANTONIO            )   Case No.
          Plaintiff,                )
                                    )   ORDER TO SHOW CAUSE FOR AN
          - V -                     )   PRELIMINARY INJUCTION
                                    )
MARCELO, JAMES P&S, MD,             )
CRYER, CLARENCE CHIEF EXECUTIVE O.  )
          Defendants,               )
_____)

UPON THE COMPLAINT, THE SUPORTING AFFIDAVITS OF PLAINTIFF AND THE MEMORANDUM OF LAW

SUBMITTED HEREWITH, IT IS:

     ORDERED THAT DEFENDANTS MARCELO, JAMES MD, AND CRYER, CLARENCE CHIEF EXE-

CUTIVE OFFICER, AT CSATF/STATE PRISON, SHOW CAUSE IN ROOM ____ OF THE UNITED STATES

COURTHOUSE _____ ON THE ___ DAY OF _____ 20__,

AT _____ O'CLOCK, WHY A PRELIMINARY INJUCTION SHOULD NOT ISSUE, PUR-

SUANT TO RULE 65(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE, ENJOINING THE DEFEN-

DANTS, THEIR SUCCESSORS IN OFFICE, AGENTS AND EMPLOYEES AND ALL OTHERS PERSONS AC-

TING IN CONCERT AND PARTICIPATION WITH THEM FROM RESTORING PLAINTIFF'S WHEELCHAIR

AND THE ADA ACCOMODATIONS NECESSARIES TO AVOID A SERIOUS DAMAGES HE IS SUFFERING BY

THE CRUEL CONDITIONS OF CONFINEMENT.

IT IS FURTHER ORDERED THAT EFFECTIVE INMEDIATELY, AND PENDING ON THE HEARING AND

DETERMINATION OF THIS ORDER TO SHOW CAUSE, THE DEFENDANTS MARCELO, CRYER, OR HIS/HER SUCCESSORS, LVN NURSE COORDINATORS, THEIR OFFICERS, AGENTS, EMPLOYEERS AND ALL PERSONS ACTING IN CONCERT OR PARTICIPATION WITH THEM, BE RESTRAINED FROM DEPRIVING OR DENYING MEDICAL CARE OR MEDICAL EQUIPTMENT, OR HARASSING IN ANY WAYS TO PLAINTIFF MARINO HERNANDEZ ANTONIO.

IT IS FURTHER ORDEREDTHAT THE ORDER TO SHOW CAUSE, AND ALL OTHER PAPERS ATTACHED TO THIS APPLICATION, BE SERVED ON THE AFORESAID PLAINTIFF BY:

_____
UNITED STATES DISTRICT JUDGE

_____
DATED ON

Inmate's name (print) MARINO HERNANDEZ ANTONIO
CDC number      F79366
Housing Unit (Yard,    F    Building # 1C-11   )

# **PROOF OF SERVICE BY MAIL**

I UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT: ORIGINAL COMPLAINT AND    SUPPORTIVE DOCUMENTS AS EVIDENCE, AND AN APPLICATION TO PROCEED IN FORMA PAUPERIS.
LEGAL/CONFIDENTIAL MAIL ADDRESSED TO:

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
2500 TULARE STREET, ROOM 1501

U.S. COURTHOUSE BUIL., FRESNO, CA 93721

BY PLACING THE LEGAL/CONFIDENTIAL DOCUMENTS ON AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND LEAVING IT IN THE CUSTODY OF THAT SAME OFFICER AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON TO BE MAILED VIA THE UNITED STATES MAIL.

THIS HAS BEEN EXECUTED ON (date) SEPTEMBER 5, 2019    AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON ON   " F "   YARD.

I (Inmate print name & CDC number) MARINO HERNANDEZ A.  F79366    DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

SIGNATURE OF INMATE

_____
SIGNATURE OF HOUSING OFFICER

_____
SIGNATURE OF MAILROOM STAFF

CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON