UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO HERNANDEZ ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>J. MARCELO, et al.,<br><br>Defendants. | Case No. 1:19-cv-01219-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>(Doc. 1)<br><br>21-DAY DEADLINE |

Plaintiff alleges the defendants subjected him to cruel and unusual punishment, retaliation, and violations of the Americans with Disabilities Act and the Rehabilitation Act. (Doc. 1.) The Court finds that Plaintiff states cognizable claims against J. Marcelo and N. Akabike, but not against C. Cryer, C. Mbadugha, and D. Oberst. Accordingly, the Court orders Plaintiff to file a first amended complaint curing the deficiencies identified in this order or notify the Court that he wishes to proceed only on his claims against Marcelo and Akabike and to dismiss Cryer, Mbadugha, and Oberst as defendants.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a

defendant immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III. DISCUSSION**

**A. Plaintiff's Allegations**

Plaintiff alleges that he has a "permanent disability due to severe ankle joint arthritis, degenerative hips condition and osteoarthritis in his lumbar spine." (Doc. 1 at 5.) Plaintiff's claims stem from his medical treatment and accommodations at the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF). (*See id.* at 1, 5.)

Plaintiff alleges Dr. Marcelo "deprived" him of a wheelchair, back brace, and "[m]obility [i]mpaired vest" on July 12, 2018, despite Plaintiff's protests that he was unable to walk due to pain in his ankle, back, and hips. (*See id.* at 5.) Plaintiff states that Marcelo also deprived him of "safer transportation, bottom bunk/bottom tier accommodations excluding him from his daily activities, services, and programs." (*Id.* at 9.) Dr. Marcelo noted that Plaintiff had no disability and "no evidence of mobility impairment." (*Id.* at 5.) Plaintiff alleges that Marcelo "ignored with clear indifference" Plaintiff's medical chrono from July 2017, which states that he has a disability and a "severe orthopedic condition of hips, knees, ankles, and feet." (*Id.*)

Plaintiff has been forced to walk in severe pain and with a limp, and he "sometimes jumps on one leg" due to the pain in his left ankle. (*Id.* at 6.) Plaintiff states that, because of this, other inmates call him "flamingo." (*See id.*) Plaintiff is unable to participate in daily activities and misses meals on occasion because he is bedridden or unable to walk. (*See id.*)

3

| | |
|---|---|
| 1 | Plaintiff alleges C. Cryer, chief executive officer for health care at SATF, "deliberately |
| 2 | approved" of Dr. Marcelo's actions by denying his administrative appeals. (*Id.* at 5-6.) He states |
| 3 | that Cryer knew or should have known that Plaintiff had a disability because of his appeals. (*Id.* at |
| 4 | 6.) Plaintiff alleges that Cryer failed to provide him reasonable accommodations. (*Id.* at 9.) |
| 5 | On April 18, 2018, Plaintiff's teacher, C. Flores, referred Plaintiff to Dr. Akabike, |
| 6 | Plaintiff's primary care physician, because she feared he might "cause an accident" due to his |
| 7 | "manner of walk." (*Id.* at 6.) During his visit, Plaintiff requested a wheelchair "because he was |
| 8 | suffering severe pain every time he … walk[ed]." (*Id.*) According to Plaintiff, Dr. Akabike |
| 9 | responded, "If I give you the wheelchair, I will … lose my license." (*Id.* at 6-7.) Plaintiff alleges |
| 10 | that Dr. Akabike wrote falsely in her notes that Plaintiff said "he did not need the wheelchair |
| 11 | because he can walk" and "that he walks several laps at a time." (*Id.* at 7.) Plaintiff affirms that he |
| 12 | never said this to Akabike. (*Id.*) |
| 13 | On June 12, 2019, Plaintiff requested a wheelchair from D. Oberst, a physician assistant. |
| 14 | (*Id.* at 4, 7.) According to Plaintiff, Oberst replied that since Plaintiff can walk, he does not need a |
| 15 | wheelchair, and "if he is limping, that is ok with him." (*Id.* at 7.) |
| 16 | On July 24, 2019, Plaintiff requested a wheelchair from C. Mbadugha, a physician |
| 17 | assistant. (*Id.* at 3, 7.) According to Plaintiff, Mbadugha replied that Plaintiff does not require a |
| 18 | wheelchair because he told his primary care physician "that he walks several laps around the |
| 19 | yard." (*Id.* at 7.) Plaintiff attempted to explain that this was a mistake, and that he is not able to |
| 20 | walk well due to severe pain, but Mbadugha told him to "be quiet." (*Id.*) |
| 21 | On August 27, 2019, Plaintiff again visited Dr. Akabike. He repeated his request for a |
| 22 | wheelchair and told her about the pain in his hips, back, and ankle. According to Plaintiff, Dr. |
| 23 | Akabike told him "that his pain is no medical indication for a wheelchair." (*Id.*) When Plaintiff |
| 24 | attempted to say more, Akabike replied, "I'm done." (*Id.*) |
| 25 | Plaintiff alleges that Marcelo and Cryer are retaliating against him because of a previous |
| 26 | lawsuit he filed against Cryer, Nurse Stronach, and Dr. Kokor, a coworker of Marcelo. (*Id.* at 8.) |
| 27 | Plaintiff states that, in the prior lawsuit, the Court granted summary judgment in favor of the |
| 28 | defendants on July 12, 2018, and that Marcelo's "adverse action" occurred on July 16, 2018. (*Id.*) |

**B. Claims for Relief**

    1. <u>Deliberate Indifference to Serious Medical Needs</u>

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care…." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff's allegations, if true, show that he has serious medical needs. Plaintiff alleges he suffers from a "severe orthopedic condition," which causes him significant and chronic pain. (Doc. 1 at 5.) Plaintiff's allegations thus satisfy the first, objective prong. *See Colwell*, 763 F.3d at 1066.

Plaintiff's allegations satisfy the second, subjective prong with respect to Dr. Marcelo and Dr. Akabike. Plaintiff alleges Dr. Marcelo ignored his medical chrono from 2017, which provides that Plaintiff has a disability and "severe orthopedic condition." (Doc. 1 at 5.) Generally, mere differences in medical opinion are insufficient to establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted). However, leniently construed, Plaintiff's allegations show that Marcelo disregarded Plaintiff's severe pain by refusing to provide any type of accommodations to address it. *See Wilhelm*, 680 F.3d at 1122.

Plaintiff alleges the same with respect to Dr. Akabike. Plaintiff's allegations, leniently construed, show that Dr. Akabike's decisions to deny Plaintiff medical accommodations were not based on medical judgment. For example, he alleges that Akabike expressed concerns about her license and falsified medical records by writing that Plaintiff "said that he walks several laps at a time." (*Id.* at 6-7.) Plaintiff thus states cognizable claims against Dr. Akabike and Dr. Marcelo.

6

Plaintiff does not state a cognizable claim against CEO Cryer. Plaintiff bases his claims on Cryer's denials of his administrative appeals. (*See* Doc. 1 at 6.) As an initial matter, Plaintiff does not have a "constitutional entitlement to a specific prison grievance procedure." *Fairley v. Shelton*, 664 F. App'x 616, 617 (9th Cir. 2016) (citation and internal quotation marks omitted). To the extent that Plaintiff tries to establish supervisory liability, the Court notes that the complaint's facts are insufficient to show that Cryer's actions or failures to act meet the high legal standard of deliberate indifference. *See Toguchi*, 391 F.3d at 1060. Plaintiff's allegations do not show that Cryer was on notice of a pattern or practice of constitutional violations, such that his denials of Plaintiff's appeals constituted approval or acquiescence to such practice. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011); *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), *as amended by* 137 F.3d 1372 (9th Cir. 1998).

Plaintiff also does not state cognizable claims against Physician Assistants Mbadugha and Oberst. Plaintiff's allegations, at most, show that Mbadugha and Oberst relied on the diagnoses of doctors in denying Plaintiff's request for a wheelchair. (*See* Doc. 1 at 7.) Such reliance does not demonstrate deliberate indifference. *See Maciel v. Rowland*, 145 F.3d 1339 (9th Cir. 1998) (prison guards not deliberately indifferent when they relied on doctors' recommendations). The allegations do not show that Mbadugha and Oberst were aware of facts from which the inference could be drawn that Plaintiff suffered from the unnecessary and wanton infliction of pain *and* drew the inference. *See Wilhelm*, 680 F.3d at 1122; *Toguchi*, 391 F.3d at 1057.

2. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of*

his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff does not state a cognizable retaliation claim. Though he alleges he engaged in protected conduct, i.e., filing a lawsuit against Cryer (Doc. 1 at 8), and that he suffered an adverse action, i.e., being denied a wheelchair and "transferred from one yard to another" (*id.*), he does not show a causal connection between the two. *See Watison*, 668 F.3d at 1114. For one, he does not allege that Cryer denied his request for a wheelchair or ordered the transfers. He only alleges that Cryer rejected his appeal of Dr. Marcelo's denial of the wheelchair. (Doc. 1 at 6.)

Plaintiff attempts to show a connection between the above-mentioned lawsuit and Dr. Marcelo's actions by alleging that one of the defendants in the lawsuit is a "co-worker with Defendant Marcelo." (*Id.* at 8.) However, this allegation is insufficient to show a causal connection between the lawsuit and Marcelo's denial of the wheelchair that is plausible on its face. *See Iqbal*, 556 U.S. at 678. "[F]acts that are merely consistent with a defendant's liability" are inadequate. *Id.* (citation and internal quotation marks omitted).

### 3. Americans with Disabilities Act and Rehabilitation Act

In addition to his deliberate indifference and retaliation claims, Plaintiff brings claims under the Americans with Disabilities Act and the Rehabilitation Act. (Doc. 1 at 9.) The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides, "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

///

Plaintiff states cognizable claims against Dr. Marcelo under the ADA and Rehabilitation Act. He alleges that Marcelo denied him a wheelchair and other accommodations for his disability and that, as a result, he has been excluded from prison activities and services. (*See* Doc. 1 at 5, 9.) For the reasons stated in section III.B.1, *supra*, Plaintiff does not state a cognizable claim against CEO Cryer.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court orders Plaintiff, **within 21 days**, to file a first amended complaint curing the deficiencies identified herein <u>or</u>, alternatively, to notify the Court that he wishes to proceed only on his claims against Marcelo and Akabike and to dismiss Cryer, Mbadugha, and Oberst. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
   a. a first amended complaint curing the deficiencies identified in this order, or
   b. a notice that he does not wish to file a first amended complaint and instead wishes to proceed only on his claims against Marcelo and Akabike and to dismiss Cryer, Mbadugha, and Oberst, or
   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action**

**proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

    Dated: **March 2, 2020**　　　　　　　　　　**/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE