UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>J. MARCELO, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01219-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. 20)<br><br>21-DAY DEADLINE |

Before the Court is Defendants' motion to partially dismiss Plaintiff's complaint. (Doc. 20.) Plaintiff filed an opposition to Defendants' motion on August 11, 2020. (Doc. 27.) Defendants have not filed a reply, and the time to do so has passed. *See* Local Rule 230(l). For the reasons set forth below, the Court recommends that Defendants' motion be granted.

**I.   BACKGROUND**

The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 11.) Plaintiff's operative claims are (1) deliberate indifference to serious medical needs in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983, and (2) violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). (Doc. 17; *see also* Doc. 14.) Plaintiff sues the defendants in both their individual and official capacities. (Doc. 1 at 2.)

Defendants move to dismiss Plaintiff's complaint on the grounds that (a) the Eleventh Amendment bars Plaintiff's deliberate indifference claims against Defendants in their official

capacities, and (b) Defendants cannot be sued under the ADA or the Rehabilitation Act. (Doc. 20 at 1.)

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

## III. DISCUSSION

### a. Official-Capacity Claims of Deliberate Indifference to Serious Medical Needs

Defendants argue that Plaintiff's deliberate indifference claims against Defendants in their official capacities are barred by the Eleventh Amendment, and that Defendants in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. (Doc. 20 at 4-5.) The Court finds that Plaintiff's official-capacity claims are not barred by the Eleventh Amendment or section 1983, but they are nevertheless incognizable because Plaintiff does not challenge a state law or procedure.

When a plaintiff sues a state actor in her official capacity, the suit "represent[s] … another way of pleading an action against an entity of which [the] officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks and citation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

"The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (citation omitted). The doctrine of *Ex parte Young*, 209 U.S. 123 (1908), however, provides an exception to this general bar. Under the doctrine, "suits against an official for prospective relief are generally cognizable." *Porter*, 319 F.3d at 483; *see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (to decide whether "*Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only" find "whether [the] complaint alleges an ongoing violation of federal law and seeks … prospective" relief) (internal quotation marks and citations omitted). Furthermore, "[w]hen sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

Because Plaintiff seeks prospective, injunctive relief in this action, his official-capacity claims are not barred by the Eleventh Amendment. For this same reason, Defendants in their official capacities are "persons" for purposes of section 1983.

As Defendants note, though, to impose official-capacity liability against a state official, a plaintiff must allege that the government "entity's 'policy or custom' … played a part in the violation of federal law." *Hafer*, 502 U.S. at 25 (internal quotation marks and citations omitted). According to Defendants, Plaintiff challenges the "independent judgment" of the defendant-doctors, and not the policies or procedures of CDCR. (Doc. 20 at 4-5.) The Court agrees.

Plaintiff alleges Dr. Marcelo denied him a wheelchair and other accommodations because, in his view, there is "no evidence of mobility impairment" or disability. (Doc. 1 at 5.) Plaintiff also alleges that Dr. Akabike denied him a wheelchair, writing in her notes that Plaintiff "said that he walks several laps at a time," when, in fact, he did not. (*Id.* at 7.) According to Plaintiff, Dr. Akabike told him that his "pain is no medical indication for a wheelchair." (*Id.*)

3

Plaintiff thus challenges the individual medical determinations of Drs. Marcelo and Akabike. He does not challenge a state law or regulation, or a CDCR a policy or procedure. Because he does not contend that a law or policy "played a part" in the constitutional deprivation of which he complains, *Hafer*, 502 U.S. at 25, Plaintiff's Eighth Amendment claims against the defendants in their official capacities are not cognizable. Since Plaintiff may be able to cure the deficiencies in his pleading, the Court should grant him leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citation omitted).

### b. Claims under the Americans with Disabilities Act and the Rehabilitation Act

Defendants also contend that Plaintiff fails to state a cognizable claim under the ADA or the RA. (Doc. 20 at 5-6.) Although the Court disagrees with Defendants' rationale with respect to Plaintiff's official-capacity claims, it concurs that Plaintiff's ADA and RA claims against Defendants in both capacities are not cognizable.

First, Defendants argue that government officials may not be sued in their individual capacities for violations of the statutes. (*Id.*) The Court agrees. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). In addition, a plaintiff may not raise individual-liability claims directly under the ADA or RA. *Hunter v. Clark*, No. 1:09-cv-01556-MJS, 2010 WL 2196684, at *2 (E.D. Cal. 2010); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials"); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("no personal liability under Title II"); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (defendants "may not be sued in their individual capacities directly under the provisions of Title II"). Plaintiff's individual-capacity claims under the ADA and RA are therefore not cognizable. Because the individual-capacity claims are barred by statute and thus cannot be cured by amendment, the Court should dismiss the claims without leave to amend.

Next, Defendants contend that "several circuits" and "two district courts within the Ninth Circuit" have denied public-official liability generally, so Plaintiff's official-capacity claims under the statutes are also barred. (*See* Doc. 20 at 5-6.) However, each of the cases cited by Defendants clearly states that *individual*-capacity claims are barred—they do not provide that *official*-capacity claims are also barred. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999) (no private right of action under the ADA for retaliation against "persons … in their individual capacities"); *Hiler v. Brown*, 177 F.3d 542, 545-46 (6th Cir.1999) (no right of action "against supervisors, in their individual capacities, for retaliation under the Rehabilitation Act"); *C.O. v. Portland Pub. Sch.*, 406 F. Supp. 2d 1157, 1172 (D. Or. 2005) ("individual defendants may not be sued in their individual capacities under the ADA or § 504 because neither statute provides for individual liability"); *Doe ex rel. Doe v. State of Hawaii Dep't of Educ.*, 351 F. Supp. 2d 998, 1011 (D. Haw. 2004) (section 504 does not "provide[] for individual capacity suits against public officials").

Defendants state that "the Ninth Circuit has not addressed the issue of public official liability." (Doc. 20 at 5.) On the contrary, one of the Ninth Circuit cases cited by Defendants themselves explicitly holds that Title II "does not prohibit … injunctive action against state officials in their official capacities," and that such actions for prospective relief "may proceed under *Ex parte Young*." *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188-89 (9th Cir. 2003).

Lastly, Defendants argue that the ADA and the Rehabilitation Act do not provide causes of action for prisoners challenging medical treatment. (Doc. 20 at 6.) As an initial matter, Title II and section 504 cover inmates of state prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). Second, Plaintiff does not merely challenge Defendants' medical treatment, but also the alleged failure to provide accommodations for his disabilities. Plaintiff alleges that officials denied him a "wheelchair …. [and] bottom bunk/bottom tier accommodations" and, as a result, he is "exclude[ed] … from … daily activities, services and programs" of the prison. (Doc. 1 at 5, 9.) Such allegations fall squarely within the ambit of the ADA and the Rehabilitation Act. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1216-17, 1220-22 (9th Cir. 2008) (failure to reasonably accommodate mobility-

and dexterity-impaired inmates violated the ADA, where failure resulted in denial of access to recreational and vocational programs); *Duffy v. Riveland*, 98 F.3d 447, 454-56 (9th Cir. 1996) (reversing summary judgment against hearing-impaired inmate, who claimed that failure to provide sign-language interpreter at classification hearings violated ADA and RA); *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560-61 (7th Cir. 1996) (upholding decision that prison violated ADA and RA by failing to provide reasonable accommodations to quadriplegic inmate, which denied him access to commissary, educational programs, work programs, etc.); *Calloway v. Akanno*, No. 1:13-cv-00747-SAB, 2016 WL 6599734, at *6 (E.D. Cal. 2016) (failure to provide "medical housing" and wheelchair before and after hemodialysis treatment, and failure to remove restraints during treatment, qualified as denials of accommodations affecting prison "services, programs, or activities").

Nevertheless, the Court finds that Plaintiff's ADA and RA claims are not cognizable. First, as discussed in the previous section, Plaintiff does not allege that a policy or custom "played a part" in the alleged denial of reasonable accommodations. *See Hayes v. Voong*, 709 F. App'x 494, 495 (9th Cir. 2018) (affirming dismissal of plaintiff's "ADA and RA claims against defendants in their official capacities because [he] failed to identify … a policy or custom"); *Oliver v. Shelton*, No. 2:18-cv-1809-KJM-DMC, 2020 WL 2216943, at *2 (E.D. Cal. 2020) (recommending dismissal of official-capacity claims under ADA because plaintiff did not allege a policy or custom was a "moving force" behind ADA violations); *Calloway*, 2016 WL 6599734, at *7 (recommending dismissal because complaint "does not identify any policy or custom of CDCR that violated [plaintiff's] federal rights; nor does … [it allege] that any individual was acting pursuant to a policy or custom"); *cf. Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) (plaintiff's section 1983 claims against County for ADA violations allowed to proceed because plaintiff "established that he was denied his requested accommodation based upon decisions of the County's policymakers").

Second, Plaintiff does not provide sufficient facts to show that the denial of reasonable accommodations caused him to be excluded from a prison activity, service, or program. For example, Plaintiff does not state from *which* activity or program he has been excluded, nor does

he describe how such exclusion was caused by the lack of accommodations. (*See* Doc. 1 at 9.) Although the Court, on a motion to dismiss, must draw all inferences in favor of Plaintiff, Plaintiff must provide facts, as opposed to conclusory statements, that allow the Court to draw a favorable inference. *Iqbal*, 556 U.S. 678.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court RECOMMENDS that:

1. Defendants' motion to dismiss (Doc. 20) be GRANTED;
2. Plaintiff's official-capacity claims of deliberate indifference be DISMISSED with leave to amend;
3. Plaintiff's official-capacity claims for violations of the ADA and the RA be DISMISSED with leave to amend;
4. Plaintiff's individual-capacity claims for violations of the ADA and the RA be DISMISSED <u>without</u> leave to amend;
5. Plaintiff's individual-capacity claims of deliberate indifference be allowed to proceed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 14, 2020**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE