UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MARCELO, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-01219-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO PARTIALLY DISMISS COMPLAINT<br><br>(Doc. Nos. 20, 35) |

Plaintiff Marino Antonio Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This case proceeds on plaintiff's claims of deliberate indifference to serious medical needs pursuant to § 1983, as well as on claims of violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (Doc. Nos. 14, 17.) Plaintiff sues the defendants in their individual and official capacities. (Doc. No. 1 at 2.)

On June 29, 2020, defendants filed a motion to dismiss plaintiff's official-capacity deliberate indifference claims and his ADA and RA claims in both capacities. (Doc. No. 20.) Plaintiff filed an opposition to defendants' motion on August 11, 2020. (Doc. No. 27.) Defendants have not filed a reply.

/////

1        On October 15, 2020, the assigned magistrate judge filed findings and recommendations, recommending that defendants' motion to dismiss be granted and that the following claims be dismissed:  (1) the official-capacity deliberate indifference claims, (2) the official-capacity ADA and RA claims, and (3) the individual-capacity ADA and RA claims.  (Doc. No. 35.)  The magistrate judge concluded that plaintiff's official-capacity claims were not cognizable because plaintiff does not allege that a state law or policy caused the deprivations of which he complains.  (*Id.* at 3–4, 6.)  The magistrate judge, however, found that plaintiff may be able to cure the deficiencies in his pleading with respect to these claims, and thus recommended that plaintiff be granted leave to amend.  (*Id.* at 4, 7.)

       The magistrate judge also concluded that plaintiff's individual-capacity ADA and RA claims are barred by statute.  (*Id.* at 4.)  The judge found that these deficiencies cannot be cured by amendment, and thus recommended that these claims be dismissed *without* leave to amend.  (*Id.* at 4, 7.)

       The magistrate judge provided plaintiff 21 days to file objections to the findings and recommendations.  (*Id.* at 7.)  After receiving two extensions of time, plaintiff filed objections on January 8, 2021.[1]  (Doc. No. 41.)  Therein, plaintiff contends that he "did not set forth a policy or custom on his complaint . . . because he was required by prison law librarian staff . . . to write his complaint . . . under the court's rules," which provide that plaintiff state the facts of his case "without citing legal authority or argument."  (*Id.* at 3.)  Plaintiff acknowledges that ADA claims may only be brought against defendants in their official capacities.  (*Id.* at 4–5.)

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

---

[1] Plaintiff attached over 60 pages of exhibits to his objections.  (*See* Doc. No. 41 at 7–72.)  In ruling on a motion to dismiss, the court only considers the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks and citations omitted).  Accordingly, the court does not consider the exhibits attached to plaintiff's objections.

1    Plaintiff does not challenge the magistrate judge's findings that he fails to allege facts that show that a law, policy, or custom was a moving force behind his deliberate indifference, ADA, or RA claims.  Plaintiff contends that he did not name a policy or custom because the instructions on the complaint form directed him to not cite to legal authority.  (Doc. No. 41 at 3.)  However, plaintiff is not required to cite to legal authority to state an official-capacity claim; he is required to allege *facts* showing that a state law or policy caused the injuries that he allegedly suffered. Plaintiff does not deny that he failed to do this.  The court agrees, however, that plaintiff should be granted an opportunity to amend his complaint with respect to these official-capacity claims.

With respect to his individual-capacity ADA and RA claims, plaintiff concedes that such claims do not "exist under the statute." (*Id.* at 4–5.) Because these claims are barred by statute, the court agrees that they should be dismissed without leave to amend.

Accordingly,

1. The findings and recommendations issued on October 15, 2020 (Doc. No. 35) are adopted in full;
2. Defendants' motion to partially dismiss the complaint (Doc. No. 20) is granted;
3. Plaintiff's official-capacity deliberate indifference, ADA, and RA claims are dismissed <u>with</u> leave to amend;
4. Plaintiff's individual-capacity ADA and RA claims are dismissed <u>without</u> leave to amend;
5. Plaintiff's individual-capacity deliberate indifference claims are allowed to proceed; and
6. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 26, 2021**                                    _Dale A. Drozd_
                                                                                    UNITED STATES DISTRICT JUDGE