1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    MARINO HERNANDEZ ANTONIO,              Case No. 1:19-cv-01219-JLT-BAK (EPG) (PC)

12              Plaintiff,                    **ORDER DENYING PLAINTIFF'S MOTION
                                              FILED AUGUST 15, 2022**
13        v.
                                              (ECF No. 70)
14    J. MARCELO, et al.,

15              Defendants.

16

17        Plaintiff Marino Hernandez Antonio is proceeding *pro se* and *in forma pauperis* in this

18   civil rights action brought pursuant to 42 U.S.C. § 1983.

19        On August 15, 2022, Plaintiff filed a "Motion Seeking Approval from the Court Allowing

20   Plaintiff's Request for Production of Stored Information Under Rule 26 …." (ECF No. 70.)

21   Plaintiff states he "wants to request a copy of the … video-medical encounter with Defendant

22   Marcelo," contending it "is very important discovery-evidence … because Defendant Marcelo

23   stated in his declaration under penalty of perjury … that he directed Nurse Karen Rodriguez to

24   palpate Plaintiff's neck, arms, and legs on 7/16/2018, which that is not true, and only such video-

25   online counter will say the true." (*Id*. at 1.) Plaintiff included a copy of a two-page request for

26   production of documents, dated August 10, 2018, directed to Defendant Marcelo wherein Plaintiff

27   sought a single item: "stored video-recorded of the fifteen minutes-online medical encounter

28   Plaintiff-Defendant, on July 16, 2018." (*Id*. at 3-4.)

On August 31, 2022, Defendants filed an opposition to Plaintiff's motion. (ECF No. 71.) Defendants assert Plaintiff's motion should be denied as untimely as discovery is closed, and that the audio-visual information Plaintiff seeks is not discoverable. (*Id*. at 2-4.) The opposition is supported by the Declaration of Eddy Joelson, M.D. (*Id*. at 71-1.)

## I.      RELEVANT BACKGROUND

On July 8, 2021, this Court issued its Discovery and Scheduling Order. (ECF No. 55.) At that time, the discovery cut-off date, including the deadline for filing motions to compel, was December 8, 2021. (*Id*. at 1, 3.)

On November 22, 2021, the Court granted Defendants' motion to modify the scheduling order, extending the deadline for the completion of all discovery, including motions to compel, to March 8, 2022; it further extended the deadline for the filing of pretrial dispositive motions to May 6, 2022. (ECF No. 59.)

On February 8, 2022, the Court granted Defendants' second motion to modify the scheduling order, extending the deadline for the completion of all discovery, including motions to compel, to May 20, 2022, and the deadline for the filing of pretrial dispositive motions to July 20, 2022. (ECF No. 64.)

On July 20, 2022, Defendants timely filed their motion for summary judgment. (ECF No. 65.)

On August 3, 2022, the Court granted Plaintiff's motion for an extension of time within which to file an opposition or response to Defendants' motion. (ECF No. 69.) Specifically, Plaintiff was given 60 days from the date of service of the order within which to file his opposition to the Defendants' summary judgment motion. (*Id*. at 2.)

On August 15, 2022, Plaintiff filed the pending discovery motion. (ECF No. 70.) The Court construes Plaintiff's filing to be a motion to compel the production of documents from Defendant Marcelo.

//

//

//

## II.     DISCUSSION

### A.  Applicable Legal Standards

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery"); *see also Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes"). Thus, the untimeliness of a motion to compel "is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dept.*, 2015 WL 3489553 at *1 (D. Nev. June 3, 2015)). Indeed, courts "will often deny Rule 37(a) motions because the moving party delayed too long." 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure*, § 2285 (3d ed. Supp. 2019) (collecting cases).

To determine whether a motion to compel is timely, the Court must review "the circumstances specific to each case." *KST Data*, 344 F. Supp. 3d at 1136 n.1 (internal quotation marks, citation omitted); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005) (noting timeliness is based on "the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another"). In general, the filing of a motion to compel discovery prior to the ordered deadline supports a finding the motion is timely, and a finding of untimeliness in that scenario will be rare. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). On the other hand, courts have repeatedly denied motions filed after the close of discovery as untimely. *See, e.g.*, *Gault*, 184 F.R.D. at 622 (motion to compel filed 136 days after defendant's initial responses and close of discovery was untimely); *King v. Wadkins*, 2018 WL 835343, *1 (E.D. Cal. Feb. 13, 2018) (denying the motion to compel as untimely where the "discovery deadline has expired and Plaintiff's previous requests to extend the deadline have been denied"); *Mitchell v. Cate*, 2014 WL 1671589, *2 (E.D. Cal. Apr.28, 2014) (denying prisoner's motion to compel filed after discovery deadline as untimely); *Doria v. Nappi*, 2013 WL 5597178, *1 (E.D. Cal. Oct.11, 2013) (denying prisoner's motion to compel filed after

deadline in court's scheduling order as untimely); *Cottrell v. Wright*, 2012 WL 3535838 at *2 (E.D. Cal. Aug. 15, 2012) (denying a motion as untimely when the "plaintiff's motion to compel was filed over three months after the discovery deadline [ ]and over three months after he received defendants' responses to his discovery requests"); *Kizzee v. Walmart, Inc*., 2011 WL 3566881 *1 (D. Az., Aug.15, 2011) (motion to compel discovery made more than three months after the discovery deadline denied as untimely).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

## B.  Analysis

As noted above, the Discovery and Scheduling Order issued in this case on July 8, 2021. (ECF No. 55.) At that time, the discovery cut-off date, including the deadline for filing motions to compel, was December 8, 2021. (*Id*. at 1, 3.) The last modification of the discovery and scheduling order occurred on February 8, 2022, when the Court issued its Order extending the deadline for the completion of all discovery, including motions to compel, to May 20, 2022. (ECF No. 64.) No further modifications of the discovery deadline were requested of or made by the Court. Therefore, the deadline for the completion of all discovery, including the filing of motions to compel, was May 20, 2022.

Here, nearly three months have passed[1] since deadline for the completion of all discovery, including the filing of motions to compel. Moreover, Plaintiff does not offer any explanation for his delay. Notably, the Discovery and Scheduling Order expressly cautioned the parties as follows: "**The deadlines set forth above are firm and will only be extended upon a showing of good cause**." (ECF No. 55 at 3, emphasis in original.) Prior to May 20, 2022, Plaintiff did not seek to extend the deadline for the completion of discovery, including the filing of motions to compel. Thus, Plaintiff's August 15, 2022, motion is untimely. *See KST Data*, 344 F. Supp. 3d at 1136 n.1; *King v. Wadkins*, 2018 WL 835343, *1; *Mitchell v. Cate*, 2014 WL 1671589, *2; *Doria*

---

[1] 8/15/22 – 5/20/22 = 87 days, or 2 months, 3 weeks and 5 days.

1  *v. Nappi*, 2013 WL 5597178, *1; *Cottrell*, 2012 WL 3535838 at *2; *Kizzee*, 2011 WL 3566881

2  *1.

3       To the extent Plaintiff's motion was filed within 30 days of the filing of Defendants'

4  motion for summary judgment, inferring from Plaintiff's motion and the explicit reference to

5  Defendant Marcelo's declaration filed in support of the motion for summary judgment (*see* ECF

6  No. 70 at 1:21-22[2]) that Plaintiff did not realize the information was "very important" until

7  Plaintiff's receipt of the declaration, the Court is not persuaded. Plaintiff plainly recognized the

8  importance of the information he seeks as early as August 10, 2018, the date he signed a request

9  for production of documents directed to Defendant Marcelo—a document Plaintiff himself

10  provided in support of the instant motion. (*See* ECF No. 70 at 3-4.)

11       Further, Plaintiff offers no information as to whether he served the request for production

12  of documents upon Defendant Marcelo, either within the discovery period or outside of that

13  period. Nevertheless, Plaintiff had an adequate opportunity to conduct discovery between July 8,

14  2021 and May 20, 2022, well after he appreciated the importance of the information he now

15  seeks. Whether Plaintiff failed to propound his request for production of documents—the video

16  evidence from July 16, 2018—upon Defendant Marcelo within the discovery period, or whether

17  Defendant Marcelo responded to the request, either indicating no such documentary or video

18  evidence existed, or asserting some objection or privilege to the production of that information, is

19  unknown.

20       Defendants also contend the information Plaintiff seeks is not discoverable. (ECF No. 71

21  at 3-4.) Defendants argue that while Plaintiff assumes a telemedicine visit would have been

22  recorded because the medical visit took place via the internet, Plaintiff's assumption is incorrect.

23  (Id. at 3.) While the platform employed by the California Department of Corrections and

---

[2] Defendant Marcelo's declaration, in relevant part, reads as follows: "On July 16, 2018, I saw Plaintiff via telemedicine. The visit was scheduled as a chronic are follow-up. I performed a comprehensive assessment of Plaintiff. The telemedicine medical visit is conducted using high definition cameras with zoom capability, and other interactive equipment such as a Bluetooth stethoscope. I was able to complete the examination with this equipment, as well as with the assistance of licensed vocational nurse, Karen Rodriguez (Rodriguez), who was present in examination room at the institution during the visit. Based on my direction and guidance, Rodriguez assisted in the neurologic exam, which consisted of directing Rodriguez to palpate Plaintiff's neck for tenderness, palpate Plaintiff's arms and legs to assess normal sensation, and to provide resistance to the Plaintiff's arms and legs when assessing muscle strength." (ECF No. 65-3 at 2, ¶ 5.) The declaration does not indicate whether the telemedicine visit was recorded.

5

Rehabilitation to conduct a telemedicine visit—Webex, like Zoom and Microsoft Teams—has the capability of recording, such recordings are "not routinely permitted." (*Id*. at 4; *see also* 71-1 at ¶¶ 3-5.)

In any event, the Court will not exercise its discretion at this stage of the proceedings to permit the additional discovery requested by Plaintiff. *Landis v. N. Am. Co.*, 299 U.S. at 254; *Hallett v. Morgan*, 296 F.3d at 751.

### C.  Rule 56(d) of the Federal Rules of Civil Procedure

To the extent Plaintiff's motion can be construed to be one brought pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, it will be denied.

Rule 56(d) provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Plaintiff has not demonstrated he "cannot present facts essential to justify" opposition to Defendants' motion for summary judgment. As noted above, Plaintiff was aware of the importance of the information he now seeks before discovery commenced in this action. He does not explain or justify the reason for his delay. Plaintiff had a full and fair opportunity conduct discovery. Additionally, it is questionable whether the evidence or information Plaintiff seeks even exists. *See Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985) (before summary judgment may be entered, all parties must be given notice of motion and opportunity to respond, which includes time for discovery necessary to develop facts justifying opposition to motion); *Program Engineering, Inc. v. Triangle Publications, Inc*., 634 F.2d 1188, 1193 (9th Cir. 1980) (where parties had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial

court rules on a motion for summary judgment); *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980) ("requirement for diligent discovery to meet summary judgment motion applies with same force in lawsuits brought by prisoners … We decline to allow appellant to compel further proceedings because he failed to take steps to pursue his claim diligently"); *McAllan v. Von Essen*, 517 F.Supp.2d 672, 677-678 (S.D.N.Y. 2007) (Fire department employee was not entitled to opportunity to conduct discovery before district court granted summary judgment for city and city officials, in civil rights action under § 1983 alleging that defendants retaliated against employee for asserting his First Amendment rights and for filing a False Claims Act (FCA) action against them, where information sought by employee, which he alleged would establish basis for defendants' alleged retaliatory animus towards him, could not reasonably be expected to create a genuine issue of material fact); *Smith v. Detroit Edison Co.*, 793 F.Supp. 151, 153-154 (E.D. Mich. 1992) (Plaintiff was not entitled to order of discovery after cutoff date in order to respond to motion for summary judgment); *Harris v. Washington Metropolitan Area Transit Authority*, Case No. 20-cv-8 (CRC), 2021 WL 2530648, *62-63 (D.D.C. June 21, 2021) (Mother of individual who was fatally stabbed at underground entrance to transit station was not entitled to discovery, in response to motion for summary judgment in negligence action alleging that Washington Metropolitan Area Transit Authority (WMATA) failed to summon sufficient medical care; mother did not file affidavit in support of motion for discovery, mother did not show why she was unable to obtain requested discovery prior to summary judgment stage, and requested discovery was not necessary to the litigation).

In sum, there is no reason to defer considering the motion for summary judgment, nor any reasonable basis upon which Plaintiff should be allowed additional time to conduct discovery.

//

//

//

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion filed August 15, 2022 (ECF No. 70) is DENIED.

Plaintiff is reminded of his obligation to file an opposition to Defendants' motion for summary judgment no later than 60 days from service of the Court's August 3, 2022, order. (*See* ECF No. 69.)

IT IS SO ORDERED.

Dated:   **September 7, 2022**                    /s/ *Erica P. Grosjean*
                                                              UNITED STATES MAGISTRATE JUDGE

8