UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO HERNANDEZ ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>J. MARCELO, et al.,<br><br>Defendants. | Case No. 1:19-cv-01219-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FILED OCTOBER 17, 2022**<br><br>(ECF No. 78) |

Plaintiff Marino Hernandez Antonio is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**RELEVANT PROCEDURAL BACKGROUND**

On July 20, 2022, Defendants J. Marcelo and N. Ndu[1] filed a motion for summary judgment. (ECF No. 65.) The motion addresses the merits of Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants. (*Id*.)

On August 1, 2022, Plaintiff filed a motion for an extension of time within which to respond to Defendants' motion. (ECF No. 68.) On August 3, 2022, the Court granted Plaintiff's request. (ECF No. 69.) Plaintiff was directed to file his opposition within 60 days of the date of service of the order. (*Id*. at 2.)

//

---

[1] Defendant Nkiruka Ndu, M.D., was erroneously sued as Nkiruka Akabike. (*See* ECF No. 24.)

On September 21, 2022, Plaintiff filed two memos in opposition to the motion for summary judgment, which consisted of approximately 20 pages of briefing and 152 pages of "supporting evidence." (ECF No. 74.)

On September 28, 2022, Defendants filed a motion for administrative relief, seeking a 14-day extension of the deadline for filing a reply to Plaintiff's opposition, to and including October 19, 2022. (ECF No. 75.) The Court issued its Order Granting Defendants' Motion for Administrative Relief on September 29, 2022. (ECF No. 76.) Defendants were ordered to file their reply to Plaintiff's opposition no later than October 19, 2022. (*Id*. at 2.)

On October 17, 2022, Plaintiff filed a document titled 'Ex-Parte Motion in Objection to Defendants' Request of Time (ECF No. 75) to File Their Reply to Plaintiff's Opposition (ECF No. 71) filed on September 15, 2022." (ECF No. 78.)

**DISCUSSION AND ORDER**

Plaintiff contends Defendants' request for an extension of time was untimely, citing to this Court's Local Rule 230(l) and a seven-day deadline for any reply to an opposition. (ECF No. 78 at 1.) Plaintiff asserts because he filed his "Opposition (ECF No. 71)"[2] on September 15, 2022, Defendants' reply was due no later than September 26, 2022, and because Defendants' request was not made until September 28, 2022, it is untimely and "shouldn't be admitted." (*Id*. at 1-2.)

Plaintiff is mistaken. First, Plaintiff's opposition to Defendants' motion for summary judgment was filed with this Court on September 21, 2022. (ECF No. 74.) While Plaintiff's attached proof of service is dated September 15, 2022 (*id*. at 172), that date does not start the clock for purposes of Defendants' anticipated reply.

Second, Local Rule 230(l) was amended on March 1, 2022. That rule now provides as follows:

> **Motions in Prisoner Actions**. All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and

---

[2] Plaintiff's opposition to Defendants' motion for summary judgment was docketed as ECF No. 74 on September 21, 2022. The entry corresponding with ECF No. 71, filed August 31, 2022, pertains to Defendants' opposition to Plaintiff's motion seeking discovery filed August 15, 2022.

2

> filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. *The moving party may, not more than fourteen (14) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition.* All such motions will be deemed submitted when the time to reply has expired.

(Italics added; other emphasis in original.) As a result, Defendants had 14 days, not 7 days, following the date Plaintiff's opposition was "filed in CM/ECF"—or September 21, 2022, not September 15, 2022 when Plaintiff served and mailed his opposition—within which to file a reply. Fourteen days following September 21 was October 5, 2022. Because Defendants filed their motion for administrative relief seeking a 14-day extension of time on September 28, 2022 (ECF No. 75), their motion was timely.

For the reasons given above, Plaintiff's motion (ECF No. 78) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 20, 2022**                         _____
                                                          UNITED STATES MAGISTRATE JUDGE

3