UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>J. MARCELO, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01219-JLT-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 83) |

Marino Antonio Hernandez seeks to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge recommended Defendants' motion for summary judgment on all claims asserted by Plaintiff be granted in favor of Defendants Nkiruka Ndu, erroneously sued as Nkiruka Akabike, and James Marcelo. (Doc. 83.) On September 29, 2023, Plaintiff filed objections to the findings and recommendations. (Doc. 86.) In his objections, Plaintiff rehashes the same argument he raised in his opposition to the motion.

For example, he notes that apparent inconsistency between the fact that Dr. Marcelo noted that Plaintiff had "severe arthrosis" and the fact that Dr. Marcelo did not find that Plaintiff should have a wheelchair. However, the fact that Dr. Marcelo found a treatable medical condition does not mean that Plaintiff required a wheelchair or that he was deliberately indifferent to Plaintiff's

condition. (Doc. 65-1 at 8 ¶¶ 28-29) Even if the medical professionals disagreed with the conclusions the defendants reached in this case, this alone is insufficient to establish liability.

Also, the fact that Plaintiff continued to request an orthopedic evaluation is certainly evidence that he disagreed with the treatment decisions of the medical personnel, but this does not demonstrate that the defendants were deliberately indifferent to Plaintiff's medical needs. Notably, Dr. Marcelo found Plaintiff to be exaggerating his condition and that his condition did not require the treatment that he wanted, as did Dr. Ndu and others. (Doc. 65-1 at 3-8) Even still, when Dr. Ndu determined that Plaintiff's condition *did* require further evaluation on October 10, 2019, Dr. Ndu ordered updated x-rays of Plaintiff's left ankle, referred him to an orthopedic evaluation to determine whether the hardware should be removed from his ankle and ordered that he be given a wheelchair. (Doc. 65-1 at 16). Thus, the Court does not find that the objections have merit.

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 24, 2023 (Doc. No. 83) are **ADOPTED** in full;
2. Defendants' motion for summary judgment (Doc. No. 65) is **GRANTED** in favor of Defendants Ndu and Marcelo on all claims asserted by Plaintiff;
3. Judgment is entered in favor of Defendants Ndu and Marcelo; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 13, 2023**

UNITED STATES DISTRICT JUDGE

2